UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES FRAZIER** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **CITY OF PHILADELPHIA and** : <br> **PHILIP NORDO (Inmate #27933)** : <br> : <br> **Defendants.** : | Civil Action No. 19-1692 <br> Hon. Gerald A. McHugh |

## ORDER

**AND NOW**, on this _____ day of _____, 2022, upon consideration of Plaintiff James Frazier's Motion to Consolidate, it is hereby **ORDERED** that, on the joint motion of the parties in the above-captioned matter, this matter and the following related matters are consolidated before and reassigned to _____ for _____:

a. *Jamaal Simmons v. City of Phila., et al.,* 5:19-cv-01648-CDJ (filed April 17, 2019) (Honorable C. Darnell Jones, II);

b. *Sherman McCoy v. City of Phila., et al.*, 2:21-cv-1458-GJP (filed March 26, 2021) (Honorable Gerald P. Pappert)

c. *Darnell and Niessa Powell v. City of Phila., et al.,* 2:19-cv-02155-TJS (filed May 17, 2019) (Honorable Timothy J. Savage);

d. *Donte Hill v. City of Phila., et al.,* 2:19-cv-02156-JHS (filed May 17, 2019) (Honorable Joel H. Slomsky); and

e. *Arkel Garcia v. Nordo, et al.*, 2:21-cv-02884-GAM (filed June 29, 2021) (Honorable Gerald A. McHugh).

_____
JUAN R. SÁNCHEZ
CHIEF JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FRAZIER | : |
|                 Plaintiff, | : |
| v. | :   Civil Action No. 19-1692 |
| | :   Hon. Gerald A. McHugh |
| CITY OF PHILADELPHIA and PHILIP NORDO (Inmate #27933) | : |
|                 Defendants. | : |

**JOINT MOTION TO CONSOLIDATE PENDING 42 U.S.C. § 1983 CASES INVOLVING DEFENDANTS PHILIP NORDO AND THE CITY OF PHILADELPHIA FOR ALL PRE-TRIAL MATTERS**

The parties to this action now jointly move to consolidate this matter with the five additional and pending related cases, for all pre-trial matters, in which Defendants Philip Nordo and City of Philadelphia are named. In support of this motion, the parties present the following:

2. Pending before four (4) judges in the United States District Court for the Eastern District of Pennsylvania are six (6) civil rights actions that name, *inter alia*, former Philadelphia Homicide Detective Philip Nordo and the City of Philadelphia.

3. This matter is one of the above-referenced six (6) total civil rights actions.

4. Each of these actions alleges that Defendant Nordo and the City of Philadelphia were responsible for the Plaintiff's now-vacated convictions—Defendant Nordo through his personal involvement in the criminal matters the Plaintiffs once faced, and the City of Philadelphia through theories of municipal liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), and its progeny.

5. Fed. R. Civ. P. 42(a) provides that where "actions involve a common question of law or fact," the actions can appropriately be classified as related, and the Court may "issue any

other orders to avoid unnecessary cost or delay."

    6.    The remaining five (5) civil rights actions are as follows:

        a.  *Jamaal Simmons v. City of Phila., et al.,* 5:19-cv-01648-CDJ (filed April 17, 2019) (Honorable C. Darnell Jones, II);

        b.  *Sherman McCoy v. City of Phila., et al.*, 2:21-cv-1458-GJP (filed March 26, 2021) (Honorable Gerald P. Pappert)

        c.  *Darnell and Niessa Powell v. City of Phila., et al.,* 2:19-cv-02155-TJS (filed May 17, 2019) (Honorable Timothy J. Savage);

        d.  *Donte Hill v. City of Phila., et al.,* 2:19-cv-02156-JHS (filed May 17, 2019) (Honorable Joel H. Slomsky); and

        e.  *Arkel Garcia v. Nordo, et al.*, 2:21-cv-02884-GAM (filed June 29, 2021) (Honorable Gerald A. McHugh).

    7.    Plaintiff understands that Defendant Nordo concedes that there is commonality as to the defendant parties and that the claims arise under 42 U.S.C. Section 1983. However, Defendant Nordo disputes that there is commonality as to the facts of each case. Defendant Nordo also reasserts his request that these cases remain stayed pending the resolution of criminal charges, including his appeal, that have not been dismissed with prejudice. Plaintiff reserves the right to oppose this request if and when it is formally made.

    8.    The Federal Rules of Civil Procedure and the Eastern District's Rules of Civil Procedure authorize (and perhaps encourage) consolidation of related cases for pre-trial matters. *See* Fed. R. Civ. P. 42(a) ("CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."); E.D. Pa. R. Civ. P. 40.1(b)(3)(A) & *id*. 40.1(c) (defining related cases and detailing procedures for assignment of related cases).

    9.    Here, the related nature of pending cases was discovered after the cases were

assigned. When that occurs, the local rules allow the assigned District Judges to refer the cases to the Chief Judge, who then assesses whether the cases are related and, if they are, consolidates them before a single district judge. *See* E.D. Pa. R. Civ. P. 40.1(c)(2) ("If the fact of relationship does not become known until after the case is assigned, the judge receiving the later case may refer the case to the Chief Judge for reassignment to the judge to whom the earlier related case is assigned. If the Chief Judge determines that the cases are related, the Chief Judge shall transfer the later case to the judge to whom the earlier case is assigned; otherwise, the Chief Judge shall send the later case back to the judge to whom it was originally assigned.").

10. Under the relevant rules, the six (6) actions listed above are related.

11. The parties agree that consolidation for all pre-trial matters would be appropriate.

12. The parties now request that this Court refer this matter to the Chief Judge to evaluate the relationship of these cases and, in doing so, determine whether these suits should be consolidated for all pre-trial matters.

                    Respectfully submitted,

                    VSCPLAW   VAN NAARDEN · SPIZER
                                  CHASE · PINTO

                    *Julia Ronnebaum*
                    JOSHUA VAN NAARDEN, ESQUIRE
                    JULIA RONNEBAUM, ESQUIRE
                    Two Commerce Square
                    2001 Market Street, Suite 3700
                    Philadelphia, PA 19103
                    TEL:  215-960-0000
                    FAX:  215-960-0384

                    *Attorneys for Plaintiff*

Dated: October 18, 2022

/s/ William J. Fox, Esq.
William J. Fox, Esquire
LAW OFFICES OF WILLIAM J. FOX, P.C.
1626 Pine Street
Philadelphia, PA 19103

*Attorney for Defendant, Philip Nordo*


/s/ Katelyn Lori Mays, Esq.
Katelyn Lori Mays, Esquire
CITY OF PHILADELPHIA LAW DEPARTMENT
One Parkway Building, 14th Floor
1515 Arch Street
Philadelphia, PA 19102

*Attorney for Defendant, City of Philadelphia*

**CERTIFICATE OF SERVICE**

I, Valerie A. Wilus, paralegal to Joshua Van Naarden, Esquire hereby certify that on October 18, 2022, I caused a true and correct copy of the foregoing Motion to Consolidate to be served upon the following via the Court's ECF Filing System, as follows:

Katelyn Lori Mays, Esquire
City of Philadelphia Law Department
One Parkway Building, 14th Floor
1515 Arch Street
Philadelphia, PA 19102

*Attorney for Defendant, City of Philadelphia*

William J. Fox, Esquire
Law Offices of William J. Fox, P.C.
1626 Pine Street
Philadelphia, PA 19103

*Attorney for Defendant, Philip Nordo*

/s/ Valerie A. Wilus
VALERIE A. WILUS