**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Sherman McCoy, | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO. 21-1458 |
| City of Philadelphia, et al., | Lead Case |
| *Defendants.* | |
| Jamaal Simmons, | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO. 19-1648 |
| City of Philadelphia, et al., | |
| *Defendants.* | |
| James Frazier, | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO. 19-1692 |
| City of Philadelphia, et al., | |
| *Defendants.* | |
| Darnell Powell, | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO. 19-2155 |
| City of Philadelphia, et al., | |
| *Defendants.* | |

| | |
|---|---|
| Donte Hill,<br><br>   *Plaintiff,*<br><br> v.<br><br>City of Philadelphia, et al.,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 19-2156 |
| Arkel Garcia,<br><br>   *Plaintiff,*<br><br> v.<br><br>City of Philadelphia, et al.,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 21-2884 |
| Marvin Hill,<br><br>   *Plaintiff,*<br><br> v.<br><br>City of Philadelphia, et al.,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 23-1002 |
| Rafiq Dixon,<br><br>   *Plaintiff,*<br><br> v.<br><br>City of Philadelphia, et al.,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 23-1650 |
| Dwayne Handy,<br><br>   *Plaintiff,*<br><br> v. | CIVIL ACTION<br>NO. 24-1905 |

| | |
|---|---|
| City of Philadelphia, et al., *Defendants.* | |
| Curtis Kingwood, *Plaintiff,* v. City of Philadelphia, et al., *Defendants.* | CIVIL ACTION NO. 24-4681 |
| Ronald Thomas, *Plaintiff,* v. City of Philadelphia, et al., *Defendants.* | CIVIL ACTION NO. 24-4914 |

## MEMORANDUM ORDER

**AND NOW**, this 26th day of February 2025, upon consideration of Plaintiffs' Unopposed Motion to Compel or, in the Alternative, for Alternative Service of a Deposition Subpoena on a Non-Party Witness, Anne L. Myers a/k/a and/or f/k/a Anne L. Martin, (ECF No. 89), it is **ORDERED** that the Motion is **GRANTED**:

1.  Federal Rule of Civil Procedure 45(b)(1) provides that a party must serve a subpoena by "delivering a copy to the named person." Courts interpret the word "delivering" in subdivision (b)(1) literally, so personal, in-hand service of subpoenas is generally required. Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2454; *see also Alfamodes Logistics Lrd. Liability Co. v Catalent Pharma Solutions, LLC*, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011); *Smith v Club*

*Exploria LLC*, 2021 WL 4375907, at *2 (M.D. Pa. Sept. 24, 2021). Courts have also held, however, that "a face-to-face encounter and an in-hand delivery of the papers is not *always* essential" to effectuate a delivery. *Gambone v. Lite-Rock Drywall Corp.*, 124 F. App'x 78, 79 (3d Cir. 2005)) (emphasis added) (quoting Wright and Miller § 1095) (interpreting "delivery" under Rule 4(e)(2)(A)). Where the person being served "attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server … simply to leave them in the [person's] physical proximity." *Id.* at 79 (quoting Wright and Miller § 1095).

    2.    Based upon the following facts set forth in an affidavit by the Plaintiffs' process server Casey Tancredi, *see* (ECF No. 89-7), the Court finds that delivery was achieved and Ms. Myers was thus personally served with the Plaintiffs' subpoena. On January 7, 2025, Ms. Tancredi went to Myers's residence and attempted to deliver a subpoena compelling her testimony at a deposition. In addition to the subpoena, Tancredi attempted to deliver a witness-fee check in the amount of $131.20. She initially spoke with a male resident and then asked to speak with Ms. Myers. Myers came to the door and identified herself, at which point Tancredi presented the subpoena and "advised [Myers of her] reason for being [there]." Ms. Myers refused to accept the subpoena. She remained behind her glass door and told Ms. Tancredi to "leave it in the wind to blow away." Tancredi then placed the subpoena under the corner of Myers's doormat and took a picture.

    3.    Ms. Myers's refusal to physically accept the subpoena upon learning of its nature does not negate delivery. Rather, she "in effect" received the subpoena in-hand.

*See Alfamodes Logistics*, 2011 WL 1542670, at *1; *see also Gambone v. Lite-Rock Drywall Corp.*, 124 Fed. Appx. 78, 80 (3d Cir. 2005) (affirming District Court's finding of proper service by delivery where a process server left the papers on defendant's doorstep and informed him that he had been served, even though defendant refused to physically accept the papers). The Plaintiffs, through Ms. Tancredi, also complied with Rule 45(b)(1)'s requirement that they tender one day's fees for attendance, and their proof of service complies with Rule 45(b)(4).

    4.    The Plaintiffs have thus properly served the subpoena, and Ms. Myers is subject to contempt of court if she "fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Ms. Myers may dispute her obligation to comply with the subpoena by filing a timely motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3). Such a motion is timely if filed before the return date on the subpoena. *Hamilton v. Radnor Township*, 662 F. Supp. 3d 536, 541 (E.D. Pa. 2023). Grounds upon which the Court will quash or modify the subpoena include "fail[ure] to allow a reasonable time to comply," "requir[ing that] a person to comply beyond the geographical limits specified in Rule 45(c)," "requir[ing] disclosure of privileged … matter," or "subject[ing] a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv).

    It is thus hereby **ORDERED** that Ms. Myers must present for deposition at the office of Plaintiff's counsel within ten (10) days of service of this Order or file a timely motion to quash or modify the subpoena. Failure of Ms. Myers to comply with this Order will subject her to sanctions as recommended by Plaintiffs and determined by this Court.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.